IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

**PEDRO JUAN COLON -CARDONA,**
Petitioner,

v.

**UNITED STATES OF AMERICA,**
Respondent,

**CIVIL NO. 08-1064 (PG)**
**(Related to Crim. No. 04-359(PG))**

## OPINION AND ORDER

Petitioner Pedro Juan Colon-Cardona[1] (hereinafter, "Petitioner" or "Petitioner Colon-Cardona") proceeding pro se has filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence, along with a Memorandum, and a Supplemental Motion (D.E. #1 and D.E. #4).[2] The Government has filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255 (D.E. #7). Petitioner filed a Reply to the Government's response (D.E. #14), several Exhibits (D.E. #16, #26, #27, #28, #30, #32, #37, #38, #44), and an Informative Motion (D.E. #33). For the reasons stated below, Petitioner Colon-Cardona's motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

### I. BACKGROUND

On September 9, 2005, Petitioner Colon-Cardona entered a plea of guilty as to Count One of the Second Superseding Indictment rendered on September 7, 2005 (Crim. D.E. #64 and #65).[3] Count One charged aiding and abetting in the possession with intent to distribute five point ninety seven (5.97)

---

[1] Petitioner is not longer incarcerated, he is currently under supervised release.

[2] D.E. is an abbreviation for docket entry number.

[3] Crim. D.E. is an abbreviation for criminal docket entry number.

Civil No. 08-1064 (PG) Page 2

grams of Oxycodone, in violation of 21 U.S.C. Section 841(a)(1) and 2. The sentencing hearing was held on December 12, 2005 (Crim. D.E. #71). A term of imprisonment of thirty (30) months was imposed as to Count One (Crim D.E. #73). A three (3) year term of supervised release term and a special monetary assessment of one hundred (100) dollars were also imposed (Crim. D.E. #73). Judgment was entered on January 3, 2006 (Crim. D.E. #73). Petitioner appealed and conviction was affirmed.[4] Conviction became final on June 25, 2007, and no petition for a writ of certiorari was filed (Crim D.E. #88). Defendant Colon-Cardona's petition for relief pursuant to section 2255 was filed on January 15, 2008 (D.E. #1).

## II. DISCUSSION

In his petition under 28 U.S.C. Section 2255, Petitioner claims: (A) that his conviction is not valid because at the time of his arrest he was questioned without being advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and (B) prosecutorial misconduct and ineffective assistance of counsel.

### A. Claim of Not Being Advised of His Miranda Rights

Petitioner claims that he was not given Miranda warnings at the time of his arrest. However, Petitioner claim has no merit. Because Petitioner pled guilty, he is now barred from raising any claim asserting a deprivation of constitutional rights, including his Miranda rights, that occurred prior to the entry of the guilty plea. United States v. Cordero, 42 F. 3d 697, 699 (1st Cir. 1994) (noting that an unconstitutional guilty plea waives prior non-jurisdictional constitutional errors); Acevedo-Ramos v. United States, 961 F. 2d 305, 307-309 (1st Cir. 1994) (concluding that guilty plea waivers of affirmative defenses to prosecution need not be explicit). "A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of

---

[4] United States v. Colon-Cardona, Appeal No. 06-1206 (1st Cir. March 26, 2007).

Civil No. 08-1064 (PG)                                      Page 3

the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Petitioner Colon-Cardona waived his right to any prior constitutional claim when he pled guilty. Furthermore, Petitioner's claim is contrary to the facts surrounding the case. During the execution of the search warrant, Petitioner was advised of his rights by FDA/OCI S/A Jose Pujol and consented to the interview by signing DEA Form 13 (Oral Warnings to be Given to a Subject Prior to Interrogation).[5] In light of the above, Petitioner's claim that his conviction is not valid because at the time of his arrest he was questioned without being advised of his Miranda rights fails.

### B. Claims of Prosecutorial Misconduct and Ineffective Assistance of Counsel

Petitioner claims that he was advised by local inspectors that his license authorized him to sell controlled substances and that this information was given to his attorneys and to the federal prosecutor who notwithstanding continued the prosecution of the case. He alleges that his attorneys were ineffective and that the government incurred in prosecutorial misconduct for failing to act upon the information provided. Both arguments lack merit.

Prosecutorial misconduct is only a ground for section 2255 relief if it violates Petitioner's due process rights, that is, if the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. Moreno Morales v. United States, 334 F. 3d 140, 148 (1st Cir. 2003), citing Hill v. Brigano, 199 F. 3d 833, 847 (6th Cir. 1999). Due process of law is a term that encompasses the procedural safeguards associated with the concept of the trial. Jean v. Collins, 221 F. 3d 656, 674 (4th Cir. 2005). Petitioner fails to articulate a due process violation in the instant petition and thus, his claim of prosecutorial misconduct is conclusory and should be deemed waived. Cody v. United States, 249 F. 3d 47, 53 n.6 (1st Cir. 2001) (ineffective assistance of counsel claim raised in a perfunctory manner in section 2255 proceeding are deemed waived). Nonetheless, the Court has reviewed the record and there is no indication that a due process violation occurred. The record reflects that Petitioner made a knowing and voluntary guilty plea to a reduced amount of drugs after being provided with discovery, and after

---

[5] Addendum, DEA Form 6a, p. 2 of 7, paragraph 7. Report of Investigation prepared on March 31, 2003. Attachment B, Form 13 signed by Petitioner on 3/25/03.

discussing the same with his attorney.

> THE COURT: Mr. Rivera, did you receive discovery from the government?
>
> MR. RIVERA RODRIGUEZ: Yes, Your Honor, we did.
>
> THE COURT: And you discussed this evidence with your client?
>
> MR. RIVERA RODRIGUEZ: That is so, Your Honor.
>
> THE COURT: Mr. Colon, do you agree with the evidence in the possession of the government as to what you did?
>
> THE DEFENDANT: Yes, Your Honor.

(COP Tr., pp.18-19).

In the case at bar, there was no reason to dismiss the criminal charges since the evidence reflected that Petitioner incurred in criminal conduct. Since there is no indication that a due process violation occurred, Petitioner's allegation of prosecutorial misconduct fails.

Petitioner alleges ineffective assistance of counsel for failing to act upon his claim that he was advised by local inspectors that his license authorized him to sell controlled substances.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991) (citation omitted), cert. denied, 502 U.S. 1079 (1992).

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was deficient and that the deficiency prejudiced the defense. Strickland, 466 U.S. at 687. In order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Id. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be

Civil No. 08-1064 (PG)             Page 5

considered sound trial strategy." Id. at 689. In order to show prejudice, a petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694.

Petitioner Colon-Cardona has not satisfied both prongs of the Strickland test since he has not demonstrated that counsel's performance fell bellow an objective standard of reasonableness, nor that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.

Petitioner alleges that he was advised, or that he believed he could dispense controlled substance with a state license. However, the record indicates that Petitioner was aware of the federal regulatory scheme to dispense controlled substances.[6] At sentencing Petitioner acknowledged that he had been a professional pharmacist for thirty two (32) years:

THE DEFENDANT: Mr. Pedro J. Colon addresses you very respectfully. I am a graduate pharmacist from the University of Puerto Rico, from the class of '73.

I have been practicing my profession for 32 years in the town of Salinas. What I have done is to help the community of Salinas...

(S.H. Tr., p.4).

---

[6] The federal government currently regulates the dispensing of prescription drugs by physicians and pharmacists under the Controlled Substances Act (CSA) and the Federal Food Drug and Cosmetic Act (FFDCA). The CSA and its implementing regulations establish mandatory prescription requirements with which health care providers who intend to distribute or dispense narcotics must comply. The CSA imposes a general prohibition on the distribution and dispensing of controlled substances in the United States, with a few well delineated exceptions. Among the exceptions is a provision that authorizes dispensing controlled substances pursuant registration with the Attorney General (DEA registration). Under this exception, in order to dispense a controlled substance, a medical practitioner or pharmacist must first be state-licensed, both to practice and to prescribe controlled substances, and the must also successfully complete DEA registration.

Civil No. 08-1064 (PG) Page 6

Petitioner Colon-Cardona was well aware of the federal regulatory scheme to dispense controlled substances. Consequently, Petitioner cannot sustain the allegation that he was advised, or that he believed he could dispense controlled substances with a state licence. Petitioner opted to ignore the letter of the law that had regulated his profession for over three decades. This is particularly so, since he had a prior federal conviction for misbranding of drugs, and had been forced to surrender his federal DEA registration. Notwithstanding the previous surrender, Petitioner used the DEA registration number to purchase and dispense controlled substances.[7]

Under these circumstances, Petitioner's claim that his attorneys were ineffective for failing to act upon the information provided also fails.

### III. CONCLUSION

For the reasons stated above, the Court concludes that Petitioner **Pedro Juan Colon-Cardona** is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner **Pedro Juan Colon- Cardona's** request for habeas relief under 28 U.S.C. Section 2255 (D.E. # 1) be **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 be **DENIED. IT IS SO ORDERED.**

---

[7] Addendum, DEA Form 6a, pp. 1-2 of 7, paragraph 3. Report of Investigation prepared on March 31, 2003.

Civil No. 08-1064 (PG)                                                                                              Page 7

## IV. CERTIFICATE OF APPEALABILITY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253 (c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this  29th  day of March, 2011

S/JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
**Senior United States District Judge**